**SO ORDERED.**

**SIGNED this 30 day of April, 2012.**

_____
J. Rich Leonard
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

RENEE DIXON WHITE,                                          CASE NO. 10-01628-8-JRL

    DEBTOR.                                                      CHAPTER 13

## ORDER

    This matter came before the court on Morgan Stanley Credit Corporation's ("Morgan Stanley") notice of post-petition fees, expenses, and charges.   A hearing took place in Wilmington, North Carolina on April 18, 2012.

    The debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on March 2, 2010.  On April 7, 2010, Morgan Stanley filed a proof of secured claim in the debtor's case in the amount of $109,594.02.  On March 15, 2012, Morgan Stanley filed a notice of mortgage payment change, providing that the debtor's monthly escrow payment was going to increase from $74.60 to $79.13.  In addition, Morgan Stanley filed a notice of post-petition mortgage fees, expenses, and charges, claiming attorneys' fees for the preparation the notice of

mortgage payment change in the amount of $50.00.[1]  On March 22, 2012, the chapter 13 trustee objected to Morgan Stanley's notice of post-petition fees, expenses, and charges.

The trustee takes the position that while the post-petition fees listed by Morgan Stanley are couched as attorneys' fees, the services actually provided did not require assistance of legal counsel.  He argues that preparing a notice of mortgage payment change amounts to nothing more than a clerical duty.  The trustee further argues that mortgage lenders are generally not entitled to additional fees for such duties, and that Morgan Stanley has offered no evidence to support an alternative finding.  No one appeared at the hearing on behalf of Morgan Stanley.

The court agrees with the trustee.  For years, it has been the general practice for mortgage companies to serve notices of mortgage payment change on debtors without the help of an attorney.[2]  While the addition of Federal Rule of Bankruptcy Procedure 3002.1[3] did change which parties must be served with notice and provided new official forms, it had no effect on the underlying services.  Without some additional showing, the fees incurred for merely preparing a notice of mortgage payment change are not allowable as attorneys' fees.  Based on the foregoing,

---

[1] To properly file a notice of post-petition mortgage fees, expenses, and charges, a party must complete official form B-10S2 .  The fees, expenses, and charges being claimed must be itemized on the form, and it provides ten basic categories and the catchall "Other."  The proponent must also provide the amount and date that the charges were incurred.

The third category listed on the form is "Attorney fees."  However, on the notice filed by Morgan Stanley on March 15, 2012, the text was altered to read "Attorney's fees for Preparation of Notice of Mortgage Payment Change."  Counsel for Morgan Stanley apparently altered the language of official form to imply that the form anticipated attorneys' fees for preparing a simple notice of mortgage payment change.

[2] There are no doubt many instances in which a mortgage lender may validly claim attorneys' fees as a post-petition expense.  However, as previously stated, preparing a notice of mortgage payment change does not require the assistance of legal counsel, and therefore, claiming attorneys' fees for the performance of this task is inappropriate.

[3] Rule 3002.1 became effective on December 1, 2011.

the trustee's objection is **SUSTAINED**, and Morgan Stanley's claim for attorneys' fees is

**DISALLOWED**.

**END OF DOCUMENT**
